Mr. Charles W. Beard Fire Chief City of Madeira Beach
QUESTION:
What powers are conveyed to ex officio deputy state fire marshals?
SUMMARY:
The designations `deputy fire marshal' or `ex officio agent of the State Fire Marshal' no longer exist in the Florida Statutes, but rather, s. 633.121 provides for the personnel specified therein to have power to enforce ch. 633, and all rules adopted by the State Fire Marshal, as `agents of their respective jurisdictions,' and not as agents of the State Fire Marshal. As such, the personnel specified in s. 633.121 do not possess the authority to serve summonses, make arrests, carry firearms and make searches and seizures as set forth in s. 633.14, and additionally, do not possess by the terms of ss. 633.121 and 633.15 the powers of a peace officer or a `law enforcement officer' as that term is defined elsewhere in the Florida Statutes.
Section 633.121 (1980 Supp.), currently provides:
 633.121 Persons authorized to enforce laws and rules of State Fire Marshal. — The chiefs of county, municipal, and special-district fire departments; other fire department personnel designated by their respective chiefs; and personnel designated by local governments having no organized fire departments are authorized to enforce this law and all rules prescribed by the State Fire Marshal within their respective jurisdictions. Such personnel acting under the authority of this section shall be deemed to be agents of their respective jurisdictions, not agents of the State Fire Marshal. (Emphasis supplied.)
Prior to the 1980 amendment, s. 633.121 read as follows:
 633.121 Fire chiefs, etc., as agents. — When certified by the State Fire Marshal, the chiefs of fire departments and other fire department personnel, and personnel employed by local governments having no organized fire departments, may be designated by the State Fire Marshal as ex officio agents of the State Fire Marshal and shall make similar reports on forms to be furnished by the State Fire Marshal. (Emphasis supplied.)
Your letter asks what powers are conveyed to `ex officio deputy state fire marshals.' I note in passing that from at least 1941 until 1969, s. 633.121 (and its predecessor legislation) provided for mandatory designation of chiefs of fire departments as `ex officio deputy fire marshals.' This mandatory designation was changed by ch. 69-106 to `ex officio agents' of the Department of Insurance. Subsequently, in 1976, the designation of such personnel as `ex officio agents' was made permissive, the category expanded to include `other fire department personnel, and personnel employed by local governments having no organized fire departments . . .', and altered such that they became agents of the State Fire Marshal only when so certified by him. See s. 5, ch. 76-252, Laws of Florida. Thus, even under this statute as it existed immediately prior to the 1980 amendment, such personnel were eligible for designation as `ex officio agents' and not
`deputy state fire marshals' as your letter suggests. In contrast, current law reduces the status of such personnel to mere `agents of their respective jurisdictions.'
In light of the 1980 amendment to s. 633.121, F.S., as shown above, no longer may local fire department personnel `be designated by the State Fire Marshal as [his] ex officio agents . . .' since ch. 80-215, Laws of Florida, amended s. 633.121 toexpressly provide that `[s]uch personnel acting under the authority of this section shall be deemed to be agents of theirrespective jurisdictions, not agents of the State Fire Marshal.' (Emphasis supplied.) Under an earlier version of s. 633.121, substantially the same as the 1979 version, my predecessor in office opined that `the chief of an organized fire department may serve summonses, make arrests, carry firearms, and conduct searches and seizures incident to his duties as an ex officio agent of the state fire marshal while enforcing the Florida Fire Prevention Code.' Attorney General Opinion 073-454. However, the basis for the opinion expressed therein has been removed by the 1980 amendment of this statute, as noted above. See AGO 081-38, concluding, in part, that municipal fire department personnel are now the agents of the municipality and not agents of the State Fire Marshal, ex officio or otherwise, and as such municipal agents they derive no authority from s. 633.121 or from s. 633.14
to serve summonses, make arrests, carry firearms and make searches and seizures, as the sheriff or his deputies, and make affidavits necessary to authorize any such arrests, searches or seizures before a magistrate having authority to issue process.
However, the 1980 amendment does expressly authorize such `local agents' to enforce within their jurisdictions ch. 633, F.S., and all rules prescribed by the State Fire Marshal. Section 633.121;see also s. 633.15. However, these statutes do not purport to vest any arrest powers in the municipal fire department personnel or operate to make such firemen or fire officials `law enforcement officers' or `peace officers' with the powers appurtenant to or inherent in such offices and officers. Had the Legislature chosen to retain the status of such personnel as persons eligible for appointment as `ex officio agents of the State Fire Marshal' such persons would have continued to enjoy the powers set forth in s.633.14, as was noted in AGO 073-454. Section 633.14 grants `agents of the State Fire Marshal' law enforcement powers, but makes no provision for extension of these powers to other persons:
 633.14 Agents; arrests, summonses, arms, etc. — Agents of the State Fire Marshal shall have the same authority to serve summonses, make arrests, carry firearms and make searches and seizures, as the sheriff or his deputies, in the respective counties where such investigations, hearings or inspections may be held; and affidavits necessary to authorize any such arrests, searches or seizures may be made before any magistrate having authority under the law to issue appropriate processes. (Emphasis supplied.)
 Additionally, and in regard to any powers of law enforcement which fire chiefs, firefighters, and other fire department personnel may possess, independently of ch. 633, F.S., this office has previously opined that `firefighters are not law enforcement officers in the State of Florida.' Attorney General Opinion 073-117. Accord AGO 072-335. Cf. AGO 073-176 (which concluded that persons no designated by s. 633.121 as agents of the State Fire Marshal did not possess the powers of his agents). See also AGO 079-83 (which concluded that even though a county ordinance made it the duty of a county fire official to investigate fires of a suspicious origin and take immediate charge of all physical evidence relating to the cause of any such fire and pursue the investigation to its conclusion, the authority to enforce arson laws, make arrests, with or without warrant, serve summonses and make searches and seizures is vested by the Constitution, statutes, and common law in the sheriff); cf. the definition of `law enforcement officer' in ss. 112.19(1)(c), 940.10(1) and 943.22(1)(b), F.S., with the definition of `fireman' in s. 112.191(1)(b), and `firefighter' in s. 633.30(1). The latter two statutes do grant firemen or firefighters the authority to enforce `any law pertaining to the prevention and control of fires.' However, as was noted in AGO 072-335, the Florida Statutes do not bestow on firefighters the same responsibilities or powers as those bestowed on law enforcement officers. In particular I note that s. 943.22(1)(b) defines, in pertinent part, a `law enforcement officer' as a person `with authority to bear arms and make arrests' and whose primary responsibility is the prevention and detection of crime or the enforcement of the criminal, traffic, or highway laws of the state (see also s. 943.10[1], F.S.), and additionally that s. 790.001(8)(a), (b) and (e) respectively define a `law enforcement officer' as an officer with authority to make arrests, to carry a concealed weapon, and a peace officer. Also, ch. 901 authorizes `peace officers' to arrest a person without an arrest warrant in the circumstances and for the crimes or violations specified therein. See also s. 901.151, the `Florida Stop and Frisk Law.' `Peace officers' is generally defined to include those whose duty it is to enforce and preserve the public peace, including sheriffs and their deputies and members of the police force of cities. Black's Law Dictionary Peace officers
1287 (rev. 4th ed. 1968); see also 70 C.J.S. Peace officer p. 380; s. 790.001(8)(e) (which includes `peace officers' within the definition of `law enforcement officer'); `peace officer' as defined in The American Heritage Dictionary of the English Language.
 Accordingly, I conclude that the designations `Deputy Fire Marshal' or `ex officio agent of the State Fire Marshal' no longer exist in the Florida Statutes, but rather, that s. 633.121 provides for `the chiefs of county, municipal, and special-district fire departments; other fire department personnel designated by their respective chiefs; and personnel designated by local governments having no organized fire departments' to be named as `agents of their respective jurisdictions, not agents of the State Fire Marshal.' Additionally, I conclude that the categories of five prevention and control personnel listed in s. 633.121 do not, by the terms of that statute, possess the powers of a peace officer or a `law enforcement officer' as that term is defined by the Florida Statutes. However, as noted above, s. 633.121 does expressly authorize such personnel to enforce within their jurisdictions ch. 633, F.S., and all rules prescribed by the State Fire Marshal. Pursuant to s. 633.15, the provisions of ch. 633 and all regulations prescribed by the State Fire Marshal thereunder, have the same force and effect in each and every incorporated town or city as the ordinances of the town or city and are enforceable in the county courts in the same manner as such ordinances.
 Additionally, I note that s. 633.13 provides: 633.13 State Fire Marshal; authority of agents. — The authority given the State Fire Marshal under this law may be exercised by his agents, either individually or in conjunction with any other state or local official charged with similar responsibilities.
This statute would appear to provide a firm basis for cooperation between local fire department personnel and agents of the State Fire Marshal who possess the law enforcement powers enumerated in s. 633.14, and seems to endorse a close working relationship between local officials and agents of the State Fire Marshal.
Prepared by: Anne Curtis Terry, Assistant Attorney General